IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| CAROL A. NEWSOME, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-861-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Max Rae
P. O. Box 7790
Salem, Oregon 97303

    Attorney for Plaintiff

Karin J. Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S. W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Page 1 - OPINION AND ORDER

Kathryn A. Miller
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, Washington  98104-7075

      Attorneys for Defendant

KING, Judge:

Plaintiff Carol Newsome brings this action pursuant to section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for disability insurance benefits ("DIB") and widow's disability insurance benefits.  The Commissioner filed a Motion for Remand (#18).  For the following reasons, the motion is granted.

## BACKGROUND

Newsome filed an application for DIB with a protected filing date of July 30, 2002, alleging an onset date of January 6, 2001.  She filed for Widow's Disability Insurance Benefits in September 2003, following the death of her husband.  The applications were denied initially and upon reconsideration.  After a timely request for a hearing, Newsome, represented by an attorney, appeared and testified before an Administrative Law Judge ("ALJ") on August 4, 2005.  The hearing was continued to take expert testimony on May 4, 2006, and again on October 5, 2006.

On October 27, 2006, the ALJ issued a decision finding Newsome not disabled within the meaning of the Act and therefore not entitled to benefits.  This decision became the final decision of the Commissioner when the Appeals Council declined to review the decision of the ALJ.

**DISABILITY ANALYSIS**

The Social Security Act (the "Act") provides for payment of disability insurance benefits to people who have contributed to the Social Security program and who suffer from a physical or mental disability. 42 U.S.C. § 423(a)(1). In addition, under the Act, supplemental security income benefits may be available to individuals who are age 65 or over, blind, or disabled, but who do not have insured status under the Act. 42 U.S.C. § 1382(a).

The claimant must demonstrate an inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to cause death or to last for a continuous period of at least twelve months. 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). An individual will be determined to be disabled only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for either DIB or SSI due to disability. The claimant has the burden of proof on the first four steps. Bustamante v. Massanari, 262 F.3d 949, 953 (9th Cir. 2001); 20 C.F.R. §§ 404.1520 and 416.920. First, the Commissioner determines whether the claimant is engaged in "substantial gainful activity." If the claimant is engaged in such activity, disability benefits are denied. Otherwise, the Commissioner proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to

Page 3 - OPINION AND ORDER

do basic work activities." 20 C.F.R. §§ 404.1520(c) and 416.920(c). If the claimant does not have a severe impairment or combination of impairments, disability benefits are denied.

If the impairment is severe, the Commissioner proceeds to the third step to determine whether the impairment is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is presumed to be disabling, the Commissioner proceeds to the fourth step to determine whether the impairment prevents the claimant from performing work which the claimant performed in the past. If the claimant is able to perform work which he or she performed in the past, a finding of "not disabled" is made and disability benefits are denied. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

If the claimant is unable to perform work performed in the past, the Commissioner proceeds to the fifth and final step to determine if the claimant can perform other work in the national economy in light of his or her age, education, and work experience. The burden shifts to the Commissioner to show what gainful work activities are within the claimant's capabilities. Bustamante, 262 F.3d at 954. The claimant is entitled to disability benefits only if he is not able to perform other work. 20 C.F.R. §§ 404.1520(f) and 416.920(f).

## STANDARD OF REVIEW

The court must affirm a denial of benefits if the denial is supported by substantial evidence and is based on correct legal standards. Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is more than a "mere scintilla" of the evidence but less than

Page 4 - OPINION AND ORDER

a preponderance. Id. "[T]he commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, we must defer to the Commissioner's decision." Batson v. Barnhart, 359 F.3d 1190, 1193 (9th Cir. 2003) (internal citations omitted).

**FACTS**

I.    Newsome's History

Plaintiff was born in August 1951, and was 49 at the time of her alleged disability onset date and 55 at the time of the ALJ's opinion.

Plaintiff has a history of treatment for her low back, leg, arm and shoulder pain. Plaintiff stopped working at a restaurant in January of 2001 when she experienced pain in her back, hip and shoulder from the walking and lifting. She also complained about depression.

Plaintiff's husband died in September 2003.

Plaintiff had bilateral prophylactic mastectomies with reconstruction on February 17, 2005 because, in her doctor's words, she was "extremely concerned regarding her propensity for developing malignancy." Tr. 594. Post-operative pathology found no malignancy.

On September 15, 2005, Gregory A. Cole, Ph.D., examined plaintiff at the ALJ's request. Dr. Cole reported a labile[1] mood, psychomotor slowing, and slow mental processing. She was cooperative, but could have tried harder on some of the tests. He found symptoms/intellectual deficits consistent with depression, an anxiety disorder, a pain disorder associated with psychological factors and a general medical condition, borderline intellectual functioning, and a personality disorder. He also found some characteristics consistent with malingering.

---

[1] "Emotionally unstable." Merriam Webster's Medical Desk Dictionary 421 (1996).

Page 5 - OPINION AND ORDER

At the October 5, 2006, medical expert John Nance, Ph.D., testified that plaintiff's emotional ability, anxiety, and personality factors would affect plaintiff's ability to work.

II.     The ALJ's Decision

The ALJ found that plaintiff was insured for disability benefits only through June 30, 2002. He found that she met the statutory eligibility requirements for disabled widow's benefits for all relevant times.

He found that she suffered from left rotator cuff tendonitis, right knee degenerative joint disease, major depressive disorder, anxiety disorder, pain disorder and personality disorder. He concluded her breast cancer, bilateral carpal tunnel syndrome and degenerative disc disease of the lumbar spine were non-severe impairments. However, the ALJ did not find that these impairments met or medically equaled the requirements of any of the impairments listed in Appendix 1, Subpart P of the Social Security Regulations.

The ALJ found plaintiff could perform light work with postural and vocational non-exertional limitations. Plaintiff could lift and carry ten pounds frequently and twenty pounds occasionally. She could sit for six hours in an eight-hour workday with normal breaks. She could stand and walk for two hours with a 15-minute break. Her push/pull exertional capacity in her upper and lower extremities were unlimited. She could climb stairs and ramps without difficulty. She was precluded from climbing ladders, ropes, and scaffolding. She could occasionally bend, balance, stoop, kneel, crouch and crawl. Finally, she could do no more than simple, routine work as part of a predictable, repetitive routine.

He concluded that she could engage in light work with limitations, but was unable to perform her past work. He determined that she could perform work as a ticket seller, booth cashier and parking lot cashier.

## DISCUSSION

The parties agree that the ALJ erred in denying plaintiff's request to question Dr. Cole about plaintiff's possible malingering, and erred in limiting plaintiff's questioning of medical expert Dr. Nance about how plaintiff's psychological state affects her physical pain. They also agree the ALJ improperly ignored the statements made by lay witnesses Randall Krieger and Gerald Trussel in 2005. As a result, the ALJ's credibility analysis was flawed, plaintiff's residual functional capacity did not include the necessary limitations, and the vocational expert's testimony has no evidentiary value.

In addition to the arguments set forth above, plaintiff argues the ALJ should have permitted her to question the VE about the number of sedentary, unskilled jobs in the region and national economy. Her argument is that the VE identified a total of 2,450 ticket seller, booth cashier, and parking lot cashier jobs in the region and 270,000 jobs nationwide. In order to have a means of comparison, plaintiff sought to ask the VE about the total number of sedentary, unskilled jobs in the region and nation. The Commissioner offers no opinion on plaintiff's argument. I see no reason why plaintiff should be precluded from questioning the VE on this topic.

The Commissioner seeks a remand for further administrative proceedings, and plaintiff seeks remand for payment of benefits.

The court has the discretion to remand the case for additional evidence and findings or to award benefits. Smolen v. Chater, 80 F.3d 1273, 1292 (9th Cir. 1996). The court should credit evidence and immediately award benefits if the ALJ failed to provide legally sufficient reasons for rejecting the evidence, there are no issues to be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled if the evidence is credited. Id. If this test is satisfied, remand for payment of benefits is warranted regardless of whether the ALJ might have articulated a justification for rejecting the evidence. Harman v. Apfel, 211 F.3d 1172, 1178-79 (9th Cir. 2000), cert. denied, 531 U.S. 1038 (2000). The "crediting as true" doctrine resulting in an award of benefits is not mandatory in the Ninth Circuit. Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003). The court has the flexibility to remand to allow the ALJ to make further determinations, including reconsidering the credibility of the claimant. Id.

As the Commissioner points out, the key issue is whether the ALJ erred in relying on Dr. Cole's opinion that plaintiff exhibited characteristics of malingering, as opposed to suffering from a pain disorder. This issue affects plaintiff's credibility and residual functional capacity. Plaintiff submitted questions about the error rates associated with nonverbal items on the test Dr. Cole used, but those questions were not submitted to Dr. Cole. The ALJ indicated during the hearing that plaintiff could ask those questions of the testifying expert, Dr. Nance. Dr. Nance, however, testified that he does not use the test Dr. Cole administered. Based on his review of the evidence, Dr. Nance diagnosed plaintiff with major depression, general anxiety disorder, a personality disorder, and a pain disorder. Dr. Nance disagreed with Dr. Cole's finding of malingering. The ALJ relied on Dr. Cole's assessment, not Dr. Nance's. As a result, the

question is whether plaintiff suffers from a pain disorder or exhibits characteristics of malingering. Accordingly, this issue must be resolved prior to a decision about whether plaintiff qualifies for an award of benefits, and this case must be remanded.

Plaintiff alternatively argues that if the Court remands for further proceedings it should do so only as to the period prior to her reaching age 55. She claims the Court should find her disabled and award benefits from when she reached age 55. She asserts that even under the ALJ's flawed residual functional capacity, she became disabled as a matter of law once she reached age 55. Plaintiff contends that under 20 C.F.R. pt. 404, subpt. P, app. 2, Medical-Vocational rule 202.04, even if she were able to perform a full range of light work, she is "disabled." The Commissioner disagrees that the Court should remand to award benefits under the grids once plaintiff turned 55.

The Medical Vocational Guidelines, also known as "the grids" are used to determine if substantial gainful work exists for claimants with substantially uniform levels of impairment. When the grids do not adequately take into account a claimant's abilities and limitations, however, they may be used only as a framework and a vocational expert must be consulted. Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002).

I reject plaintiff's argument. As the Commissioner points out, plaintiff's argument is internally inconsistent. Plaintiff seeks the benefit of the ALJ's potentially incorrect residual functional capacity to result in a finding of disability as of age 55, but seeks the benefit of further administrative proceedings to challenge that residual functional capacity. Since the Court remands for a new hearing, the ALJ will review anew plaintiff's arguments, including that as of age 55 she is disabled under the grids.

Page 9 - OPINION AND ORDER

The case is remanded for further proceedings as follows:

The ALJ is directed to hold a new hearing.

The ALJ is directed to further consider the treating, examining and non-examining source opinions, including those of Dr. Cole and Dr. Nance, pursuant to 20 C.F.R. § 404.1527, and Social Security Rulings 96-2p, 96-5p, and 96-6p.  The ALJ will request further information from Dr. Cole consistent with the interrogatories submitted by plaintiff's attorney on September 29, 2005.  The ALJ will allow plaintiff to cross-examine Dr. Nance.

The ALJ is directed to evaluate the lay witness testimony.

The ALJ is directed to reevaluate plaintiff's credibility and residual functional capacity.

Finally, the ALJ is directed, if warranted, to expand the record and obtain supplemental vocational expert testimony to clarify the effect of plaintiff's limitations on her occupational base, consistent with Social Security Ruling 00-4p.  Plaintiff is entitled to question the VE about the total number of jobs in the occupational base in order to assist the ALJ in determining whether the number of jobs is a significant number of jobs in the national economy.

///

///

///

## CONCLUSION

The decision of the Commissioner is reversed. The Commissioner's Motion for Remand (#18) is granted. This action is remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for rehearing to further develop the record as explained above. Judgment will be entered.

IT IS SO ORDERED.

Dated this      13th         day of August, 2008.

　　　　　　　　　　　　　　　　　　　   /s/ Garr M. King
　　　　　　　　　　　　　　　　　　　Garr M. King
　　　　　　　　　　　　　　　　　　　United States District Judge

Page 11 - OPINION AND ORDER